IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JESSE FRANK DIAZ,<br><br>*Plaintiff*,<br><br>v.<br><br>VMC REO, LLC; SHELLPOINT MORTGAGE SERVICING; MCCARTHY & HOLTHUS, LLP; COLE PATTON, in His/Her Personal and Professional Capacity; MYRA HOMAYOUN, in His/Her Personal and Professional Capacity; THUY FRAZIER, in His/Her Personal and Professional Capacity; JOE DAVALLOS, in His/Her Personal and Professional Capacity; MARK CHEATUM, Constable in His Personal and Official Capacity; and JANE DOES 1-10,<br><br>*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. SA-25-CV-1263-FB |

**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

The Court has considered the Report and Recommendation of United States Magistrate Judge filed in the above-captioned cause on August 21, 2026 (ECF No. 22), concerning Defendants VMC REO, LLC and Shellpoint Mortgage Servicing's Motion to Dismiss Plaintiff's Complaint (ECF No. 13). According to the CM/ECF system, the Report and Recommendation was electronically transmitted to Defendants VMC REO, LLC and Shellpoint Mortgage Servicing on August 24, 2026, and sent by certified mail, return receipt requested to Plaintiff Jesse Frank Diaz on that same date (ECF No. 24). The certified mail addressed to Plaintiff Diaz containing the Report and Recommendation of United States Magistrate Judge was returned by the United States Postal Service with the notation "Return to Sender, Unclaimed, Unable to Forward" on September 22, 2026 (ECF

25). To date, no objections or response to the Report have been filed.[1] The Court has reviewed the electronic docket system in this case and does not find a recent change of address notification filed by the Plaintiff. The address used by the Court was the one contained in the last filings Plaintiff made in this case on December 29, 2025 (ECF Numbers 15, 16, and 17).

Because no party has objected to the Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made."). The Court has reviewed the Report and finds its reasoning to be neither clearly erroneous nor contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918 (1989). The Recommendation shall therefore be accepted pursuant to 28 U.S.C. § 636(b)(1) such that: (1) Defendants VMC REO, LLC and Shellpoint Mortgage Servicing's Motion to Dismiss Plaintiff's Complaint (ECF No. 13) shall be GRANTED, and (2) the claims against the remaining Defendants shall be DISMISSED WITHOUT PREJUDICE pursuant to Federal Rule of Civil Procedure 4(m) because the service of process on these Defendants is defective and the time for Plaintiff to serve these Defendants has expired.

Accordingly, it is hereby ORDERED that the Report and Recommendation of United States Magistrate Judge filed in this cause on August 21, 2026 (ECF No. 22), is ACCEPTED pursuant to 28 U.S.C. § 636(b)(1) such that (1) Defendants VMC REO, LLC and Shellpoint Mortgage

---

[1] Any party who desires to object to a Magistrate's findings and recommendations must serve and file his, her or its written objections within fourteen days after being served with a copy of the findings and recommendation. 28 U.S.C. § 635(b)(1). If service upon a party is made by mailing a copy to the party's last known address, "service is complete upon mailing ." FED. R. CIV. P. 5(b)(2)(C). If service is made by electronic means, "service is complete upon transmission." *Id*. at (E). When the mode of service is by electronic means, three days are no longer added to the time period to act after being served. *See Heverling v. McNeil Consumer Pharmaceuticals, Co.*, Civil Action No. 1:17-CV-1433, 2018 WL 1293304 at *2 n.3 (M.D. Pa. Mar. 13, 2018) ("On April 28, 2016, the Supreme Court adopted changes to the Federal Rules of Civil Procedure. In pertinent part, the Court amended Rule 6(d) to remove 'electronic means' as a mode of service triggering an additional three days to act when a responsive period commences upon service. *See* FED. R. CIV. P. 6, advisory committee's note to 2016 amendment. The amendments took effect on December 1, 2016.").

Servicing's Motion to Dismiss Plaintiff's Complaint (ECF No. 13) is GRANTED and Plaintiff's Complaint against these Defendants is DISMISSED for failure to state a claim for relief, and (2) the claims against the remaining Defendants are DISMISSED WITHOUT PREJUDICE pursuant to Federal Rule of Civil Procedure 4(m) due to defective service and the expiration of time in which to properly effect service on these Defendants.

IT IS FURTHER ORDERED that motions pending, if any, are DISMISSED AS MOOT, and this case is now CLOSED.

It is so ORDERED.

SIGNED this 23rd day of September, 2026.

FRED BIERY
UNITED STATES DISTRICT JUDGE